IN THE UNITED STATES DISTRICT COURT
Northern District of Indiana
Hammond Division

| | |
|---|---|
| WILLIAM R. DENDER and<br>JULIA D. DENDER, Individually<br>and as Husband and Wife,<br><br>          Plaintiffs,<br><br>    v.<br><br>DIMITRE KATCHOULEV and<br>KATCHOULEV CORP., d/b/a<br>BULTRANS EXPRESS,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:14-cv-00190-JVB-PRC<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL REQUEST**

Defendants, Dimitre Katchoulev, and Katchoulev Corp., d/b/a Bultrans Express, by counsel, for their Answer to Plaintiffs' Complaint, allege and say:

1. That Plaintiffs, William R. Dender and Julia D. Dender at all times relevant herein were residents of the City of Valparaiso, County of Porter, State of Indiana.

**RESPONSE:** Defendants are without sufficient information to either admit or deny the material allegations contained in paragraph one (1) of Plaintiffs' Complaint, and therefore deny the same.

2. That defendant, Dimitre Katchoulev, at all times relevant herein was a resident of the Village of Deerfield, County of Lake, State of Illinois.

**RESPONSE:** Defendants admit the material allegations contained in paragraph two (2) of Plaintiffs' Complaint.

3. That Defendant, Katchoulev Corp. d/b/a Bultrans Express, is a domestic corporation incorporated in the State of Illinois which does business in Indiana.

**RESPONSE:** Defendants admit the material allegations contained in paragraph three (3) of Plaintiffs' Complaint.

4. That at all times relevant herein, Defendant, Dimitre Katchoulev, was the agent, servant and/or employee of Defendant, Kathcoulev Corp. d/b/a Bultrans Express, and further that at all times relevant herein said Dimitre Katchoulev was acting within the course of his agency and the scope of his employment in operating a certain semi-tractor/trailer of which said defendant, Katchoulev Corp. d/b/a Bultrans Express, was the owner of the tractor and trailer and listed as the registered owner on the police report.

**RESPONSE:** Defendants admit the material allegations contained in paragraph four (4) of Plaintiffs' Complaint.

5. That on and prior to April 30, 2012, I-80 was a public way running in a generally east and west direction in the City of Hobart, County of Lake, State of Indiana.

**RESPONSE:** Defendants admit the material allegations contained in paragraph five (5) of Plaintiffs' Complaint.

7. (sic) That on the 30th day of April, 2012, Defendant, Dimitre Katchoulev, was operating a certain 2006 Volvo tractor and a semi-trailer on said I-80 in an easterly direction within the course and scope of his employment as aforesaid.

**RESPONSE:** Defendants admit the material allegations contained in paragraph seven (7-sic) of Plaintiffs' Complaint.

8. That while operating his tractor-trailer on I-80 in Hobart, Indiana Dimitre Katchoulev attempted to move his truck to the right lane where William R. Dender was lawfully driving his vehicle which caused his truck to collide with William R. Dender's vehicle.

**RESPONSE:** As to the material allegations contained in paragraph eight (8) of Plaintiffs' Complaint, Defendants admit that contact occurred between the two (2) vehicles on I-80; however, Defendants deny the remaining material allegations contained therein.

9. That at the time and place aforesaid, the Defendant, Dimitre Katchoulev, was guilty of one or more of the following wrongful acts or omissions:

   a. Carelessly and negligently drive said semi-tractor/trailer causing it to collide with plaintiff's vehicle and was inattentive.

   b. Carelessly and negligently failed to yield the right of way and rove into plaintiff's lane of travel.

   c. Carelessly and negligently failed to maintain proper and safe control of said semi-tractor.

   d. Carelessly and negligently failed to maintain a proper and safe lookout on the roadway.

   e. Carelessly and negligently failed to slow, stop or take any other evasive action and with his vehicle before the plaintiff's vehicle struck the defendant's semi-tractor/trailer.

   f. Carelessly and negligently operated said semi-tractor/trailer so that plaintiff, William R. Dender, was injured.

   g. Carelessly and negligently changed lanes.

**RESPONSE:** Defendants deny the material allegations contained in paragraph nine (9), including subparagraphs a, b, c, d, e, f and g, of Plaintiffs' Complaint.

10. At the time of the incident, Defendant Katchoulev Corp. d/b/a Bultrans Express, negligently entrusted its vehicle to defendant, Dimitre Katchoulev, when it knew or should have known that the defendant, Dimitre Katchoulev, was incapable of properly undertaking or completing the task of safely operating said vehicle, and such conduct was reasonably foreseeable to cause injury and/or contractually and legally liable for his actions, all of which resulted in this accident.

**RESPONSE:** Defendants deny the material allegations contained in paragraph ten (10) of Plaintiffs' Complaint.

11. That as a direct and proximate result of one or more of the aforesaid wrongful acts of omissions of the defendants, and each of them, said semi-tractor collided with plaintiff's vehicle, a 2007 Chevrolet Cobalt, which destroyed the same and plaintiff lost the use of said vehicle.

**RESPONSE:** Defendants deny the material allegations contained in paragraph eleven (11) of Plaintiffs' Complaint.

12. That as a further direct and proximate result of one or more of the aforesaid wrongful acts or omissions of defendants, Plaintiff, William R. Dender, sustained severe injuries external and internal, and suffered shock to his nervous system, and bruises and contusions, and became and was sick and disabled and suffered great pain and discomfort and was kept from attending to

his ordinary affairs and duties, and has lost great gains which he otherwise would have made and acquired and has incurred medical expenses and other out-of-pocked expenses.

**RESPONSE:** Defendants deny the material allegations contained in paragraph twelve (12) of Plaintiffs' Complaint.

13. That as a further direct and proximate result of one or more of the wrongful acts or omissions of the defendants, Plaintiff, William R. Dender, suffered severe pain and injury to multiple areas of his body, and in particular suffered a mild traumatic brain injury. William R. Dender has suffered great pain and discomfort, and has incurred medical bills and expenses and will incur medical bills in the future. Plaintiff has also sustained permanent impairment, lost wages and other out-of-pocket expenses, all of which will generally diminish the quality of his life.

**RESPONSE:** Defendants deny the material allegations contained in paragraph thirteen (13) of Plaintiffs' Complaint.

### COUNT II

1-13. The plaintiffs re-allege and incorporate each and every allegation contained in Rhetorical Paragraph One (1) through and including Rhetorical Paragraph Thirteen (13) of Count I as Rhetorical Paragraph One (1) through and including Rhetorical Paragraph Thirteen (13) of Count II as though the same were fully and completely set forth herein.

**RESPONSE:** In response to paragraphs one (1) through thirteen (13) of Count II of Plaintiffs' Complaint, Defendants incorporate by reference their

response to paragraphs one (1) through thirteen (13) of Count I of Plaintiffs' Complaint as if set forth in their entirety.

14. That on and prior to April 30, 2012, the Plaintiffs were the lawfully wedded spouses of each other and were living together as husband and wife, and by virtue of that marriage, Plaintiffs became and were entitled to the companionship, society, services, affection and consortium of each other.

**RESPONSE:** Defendants are without sufficient information to either admit or deny the material allegations contained in paragraph fourteen (14) of Count II of Plaintiffs' Complaint, and therefore deny the same.

15. That as a direct and proximate result of the injuries sustained by the plaintiffs, each plaintiff has been deprived of the companionship, society, services, affection, consortium of the other and further, have been obligated to incur indebtedness for medical expenses incurred on their behalf which were necessitated by the Defendant's negligent acts and omissions; and further, will continue to incur indebtedness for future medical care and treatment and loss of their spouse's services in attempting to alleviate or remedy their condition.

**RESPONSE:** Defendants deny the material allegations contained in paragraph fifteen (15) of Count II of Plaintiffs' Complaint.

WHEREFORE, the Defendants, Dimitre Katchoulev, and Katchoulev Corp., d/b/a Bultrans Express, would pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

Defendants, Dimitre Katchoulev, and Katchoulev Corp., d/b/a Bultrans Express, by counsel, for their Affirmative Defenses to Plaintiffs' Complaint, allege and say:

1. Plaintiffs' claim should be reduced by Plaintiffs' comparative fault.

2. Plaintiffs' claim is barred because the comparative fault of Plaintiffs exceeds fifty percent (50%).

3. Defendants did not proximately cause Plaintiffs' damages and injuries, if any be found to exist.

4. Plaintiffs have failed to mitigate their damages.

WHEREFORE, the Defendants, Dimitre Katchoulev and Katchoulev Corp., d/b/a Bultrans Express, would pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

Respectfully submitted,

TRAVELERS STAFF COUNSEL OFFICE

By: */s/Paul T. Belch*
Paul T. Belch, #18533-4

## JURY DEMAND

Pursuant to Trial Rule 38, the Defendant, Dimitre Katchoulev, and Katchoulev Corp., d/b/a Bultrans Express, respectfully demand a trial by jury.

Respectfully submitted,

**TRAVELERS STAFF COUNSEL OFFICE**

By: /s/Paul T. Belch
Paul T. Belch, #18533-49

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of June, 2014, a copy of this document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I certify that a copy of the foregoing document has been duly served upon all persons listed below, by United States mail, first-class postage prepaid, on this 6th day of June, 2014:

Todd S. Schafer
SCHAFER AND SCHAFER
3820 East U.S. 30
Merrillville, IN 46410

By: /s/Paul T. Belch
Paul T. Belch, #18533-49

Travelers Staff Counsel
280 East 96th Street, Suite 325
Indianapolis, IN  46240
Telephone:  (317) 818-5100
Fax:  (317) 818-5124
pbelch@travelers.com
PTB:gb