# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

JULIA D. DENDER and WILLIAM R.   )
DENDER, individually and as        )
husband and wife,                 )
          Plaintiffs,        )
                      )
      v.                )     Cause No.: 2:14-CV-190-JVB-PRC
                      )
DIMITRE KATCHOULEV and     )
KATCHOULEV CORPORATION    )
d/b/a BULTRANS EXPRESS,      )
          Defendants.      )

## AMENDED OPINION AND ORDER

This matter is before the Court on Defendants Dimitre Katchoulev and Katchoulev Corp., d/b/a Bultrans Express's Motion to Compel Non-Party Discovery [DE 13], filed on February 25, 2015. The motion was served on all parties and on non-party Franciscan Physicians Network (Franciscan). No responses have been filed, and the time to do so has passed.

Defendants represent that Plaintiff William Dender has been treated by doctors at Franciscan for the injuries for which he is seeking compensation in this case. They represent that, on June 19, 2014, they served a Subpoena as well as a Request for Production on non-party Franciscan seeking medical records of that treatment. They also represent that Plaintiffs have not objected to the Subpoena or Request for Production and that the records are necessary for Defendants to properly defend this case. Franciscan has refused to comply, explaining that an authorization signed by the patient (that is, Plaintiff William Dender) is required before it will hand over the medical records to Defendants. Defendants now ask that the Court compel Franciscan to produce the requested records.

The motion is well taken. Protected health information may be disclosed by a covered entity

such as Franciscan under HIPAA without a written authorization when the requesting party gives

the covered entity satisfactory assurance that the requesting party has taken reasonable efforts to

ensure that the person whose records are being sought has been given notice of the request. *See* 45

C.F.R. § 164.512(e)(1).

> [A] covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:
>
> (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual . . .
>
> (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and
>
> (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
>
> > (1)    No objections were filed; or
> >
> > (2)    All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

*Id.*

Here, Defendants provided Franciscan with a certification on August 28, 2014, stating that

they had fulfilled all these requirements. Neither Plaintiff nor Franciscan have responded to this

motion. And the Court is not aware of any reason why a written authorization would otherwise be

required here. As laid out in the original version of this Order, this dispute might have been resolved

without Court action had the parties first conferred. But in the interests of efficiency and economy,

the Court now **GRANTS** Defendants Dimitre Katchoulev and Katchoulev Corp., d/b/a Bultrans

Express's Motion to Compel Non-Party Discovery [DE 13] and **ORDERS** Franciscan to provide

Defendants with the requested documents.

SO ORDERED this 17th day of April, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     Franciscan Physicians Network
        770 Indian Boundary Road
        Chesterton, Indiana 46304